Richardson, J.
delivered the opinion of the Court.
G. W. Stewart was the principal obligor on the single bill, and was offered as a witness, on the part of his co-obligors, who had subscribed the bill as Stewart’s sureties.
Any pecuniary interest, however small, that is legally con sequent to the verdict, renders a witness incompetent, because he is then interested in the event of the action. If liable for costs he is of course incompetent. This is settled law. The difficulty of deciding whether the objection to a witness applies to his competency, or to his credibility only, is one of endless occurrence. 'But it is the complexity of facts and transactions, not the law, that puzzles. The decision in Knight v. Pickard, so much relied on by the appellant’s counsel, is among the last from which this Court would depart. It settled this, theretofore, disputed point — that a party to an obligation may be a good witness in many instances; but not when he saves his own money, by supporting the side of the party offering him.
Under this distinction the question of the present case arises. Was not Stewart, in the event of the suit going against his sureties, liable to them for the costs, in addition to his equal liability to plaintiff and defendant for the amount of the bill? If so liable for such costs, he was incompetent, by *185 reason of the established principle just laid down. And I would further observe, that admitting there were cases in v which the principal obligor would not be so liable; yet, still, if that did not appear, the Judge should hold him incompetent under the general rule.
14 East, 565. p.405
It is perhaps unnecessary to go so far in the present instance; because, in the case before the Court, Stewart, the principal obligor, appeared in Court to support the defence of his sureties ; and it must have had his approval. On this head, also, it need not escape attention, that the sealed bill was a common law obligation, not a mere commercial paper.
The legal principles I have laid down are all clear; yet still, upon”the exact question, whether Stewart was liable for the costs, we have no decision of our own precisely in point. But the undertaking of the principal debtor indicates strongly that he is bound to pay whatever costs the surety is put to, by reason of the principal’s failure to take up their joint obligation. And the principal being the party whose fault has induced the costs, he ought to pay them. Such reasoning is well illustrated by Phill. on Ev. — He says, “In an action on a joint and several bond against one of the obligors, who was surety for another, that other obligor (the principal) is not competent for the defendant to prove a payment of money by himself, in discharge of the bond; for he has an interest in favor of his surety to the extent of the costs of the action.”
Chitty quotes Townsend v. Downy. In that case, the principal obligor was held incompetent to prove payment, in order to discharge his surety, because he was liable for the costs of the surety.
Here we have plainly the general rule for the liability of the principal for the costs of his surety; and the Judge was bound by it, unless the case before him constituted an exception ; but this was not apparent. There are doubtless many exceptions — for instance, Chitiy says, — “ Where a party is either expréssly or impliedly indemnified against the demand of a third person, he cannot unnecessarily and without express authority defend an action by the latter, and then claim the costs of the action from the person guaranteeing. In other words, he cannot claim reimbursement, if the demand were so dear that a defence were hopeless.” The writer then illustrates by several decisions; but they all appear as exceptions to the general rule, and he says, — “In the case of an accommodation, acceptance or endorsement, there is an implied engagement on the part of the person requesting the accommodation, that he will indemnify the acceptor or endorser against the defendant, and such costs as may necessarily and reasonably be charged.” “ But in such cases as are not accommodation endorsements,” <fcc. This distinction between ordinary and accommodation endorse *186 ments illustrates well the sense of the general rule I have just laid, down, of the liability of the principal for the costs of his surety: For the principal alone has been accommodated by his sureties.
2 McCord, 459.
Our own case of Steel v. Sawyer & Steel, was an ordinary endorsement; and the maker of the note was held not liable for the costs of the endorser. This is for good reasons — the endorser is not a joint contractor with the maker of a note. The endorsement is a distinct contract, between the payee or other holder of the note, and the endorser. There may be, and is sometimes, a multitude of endorsers, utterly unknown to the maker or acceptor: he therefore is not to be mulct in their costs. This is what is decided in Steel v. Sawyer as a general rule. But still, this is subject to the exceptions of accommodation endorsers. Such endorsers only are of the character of sureties at common law. Strict justice, — according to the difference of the contract, is observed in this distinction. — Principals pay the costs of their proper sureties.
In the case before the Court, the sureties of the sealed obligation are, legally speaking, identical with the principal; and are so bound at his instance, and for his sake. They are, precisely, in the equities of accommodation endorsers. We must not, then, confound such distinct cases as the present, and Steel v. Sawyer. The one a surety at common law, joined with his principal; — the other, a subsequent and provisional surety, by endorsement, made at his own pleasure. He may even restrict it; and that may be unknown to the maker; such endorser is not a surety proper.
For such reasons the appeal is dismissed.
O’Neall, J. — Evans, J. — Wardi.aw, J. — and Frost, J. concurred.

Motion refused.